IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GREEN, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 15-2646 |
| | : | |
| POLICE OFFICER NEWTON | : | |
| BADGE NUMBER 130, | : | |
|     Defendant | : | |

# O R D E R

**AND NOW,** this   22nd   day of September, 2016, upon consideration of the defendant's motion to strike the John Doe defendants, and for judgment on the pleadings or in the alternative for summary judgment (Document #), and the plaintiff's response thereto (Document #), IT IS HEREBY ORDERED that:

1. The motion is granted in part, and denied in part.

2. The John Doe defendants are STRICKEN from this action.

3. Count II is DISMISSED in its entirety with prejudice.

4. Summary judgment is DENIED.

5. This case is referred to the Honorable Elizabeth T. Hey, United States Magistrate Judge, for the purpose of conducting settlement negotiations.

6. On or before **Monday, November 21, 2016**, counsel for each party shall serve upon opposing counsel:

    (a) the original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions.  Each party shall mark its trial exhibits in advance of trial with consecutive numbers

      appropriately prefixed with an identifying letter of counsel's choice (i.e., P-1, P-2; D-1, D-2);

  (b) curriculum vitae for each expert witness expected to testify; and

  (c) a specific identification of each discovery item expected to be offered into evidence.

7. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and concisely, in their pretrial memorandum. Such objection shall describe with particularity the ground and the authority for the objection. Unless the court concludes at trial that manifest injustice will result, the court can be expected to overrule any objection offered at trial in respect to any matter covered by (a), (b), (c) and/or (d) above, if the court concludes that the objection should have been made as required by this Order.

8. Only those exhibits, discovery items, and expert witnesses identified in the manner set forth in this Order shall be considered by the court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the court, or by Order of court so as to avoid manifest injustice.

9. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

    (a) Plaintiffs - on or before **Monday, December 5, 2016**.

    (b) Defendants - on or before **Monday, December 12, 2016**.

10. One copy of the pretrial memoranda shall be filed with the Clerk of Court and two copies shall be sent to the court. In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

    (a) a listing of the identity of each expert witness to be called at trial by the party;

    (b) a curriculum vitae for each expert witness listed;

    (c) a listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

    (d) an itemized statement of claimant's damages or other relief sought;

    (e) a statement of any anticipated important legal issues on which the court will be required to rule, together with counsel's single best authority on each such issue.

11. All motions *in limine* shall be filed on or before **Monday, December 5, 2016**. Responses thereto are due on or before **Monday, December 12, 2016**.

12. The parties shall file in writing with the Clerk of Court one copy of joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. The parties shall also file one copy of proposed jury instructions, verdict forms, or special interrogatories on those issues not agreed upon by the parties in their joint submission. These filings shall be made on or before **Thursday, December 29, 2016**. Each proposed instruction should be printed on a separate sheet of paper, double spaced, and should <u>include citation to specific authority</u>. Counsel shall submit a copy of the proposed jury instructions to chambers on an IBM-compatible disk in Word 2010 format. In the alternative, the copy may be sent to chambers *via* electronic mail to Timothy_Sheehan@paed.uscourts.gov. Proposed Jury instructions need only be submitted with respect to substantive issues in the case.

13. No later than three days before the date trial is scheduled to commence, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; the original shall be filed with the Clerk of Court, and two copies shall be submitted to the court.

14. At the commencement of trial, the parties shall provide the court with three copies of a schedule of exhibits which shall briefly describe each exhibit. At the trial, the parties shall provide the court with two copies of each exhibit at the time of its first use at trial.

15. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to

the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a court ruling is necessary.

16. A Final Pretrial Telephone Conference shall be held on **Monday, December 19, 2016 at 11:00 a.m.**  Counsel for the plaintiff shall initiate the call, and include chambers on 267-299-7760.

17. Jury Selection shall begin on **Monday, January 9, 2017 at 9:30 a.m.,** in the United States Courthouse in Philadelphia, Courtroom 14B.  Should time allow, opening statements shall immediately follow the seating of the jury.  Counsel should consider themselves attached as of this date.  This Scheduling Order shall be the only written notice counsel receive of the date this case will be tried.

18. The trial shall resume on **Tuesday, January 10, 2017 at 9:30 a.m.**

                BY THE COURT:

                  /s/ Lawrence F. Stengel
                LAWRENCE F. STENGEL, J.